Our last case for argument is 25-1164, Sylvain v. Collins. Mr. Jones, please proceed. Yes, Your Honor. May it please the Court, I'm here arguing on behalf of Mr. Sylvain here. And first of all is we do understand that, you know, clear and unmistakable error claims are challenging. But I wanted to emphasize a couple of things here. First of all is that the veteran filed a back claim. He had clear— What is your argument for why we have jurisdiction in this case to review the decision? I think that the—I think that the number one is that the—well, first of all is did the CAVC—I think that the main issue would be that the—would the board—would the CAVC in reviewing this decision have been required to cite independent medical evidence because it's clear at the time that CAVC precedent at the time required them to cite independent medical evidence when rejecting medical opinions. And then number two, it's also been a question, as we kind of then pointed out, whether or not you added an additional kind of a long-term trauma requirement under the principles of demonstrating a service injury under 3.303A. So that would be our argument there. Well, the Veterans Court decided there was no queue. That's correct. Do we affirm that if we agree, or do we dismiss it because we can't evaluate queue which relates to facts? Well, so basically are you—are you then—if I kind of didn't understand your argument, is that because— I'm not making an argument. We ask questions. Yeah, yeah. So I guess I'm just trying to understand your question. So basically, so basically is the—is the question is because this is a factual issue that basically that the court would have the no jurisdiction to basically review it and would just have to dismiss it, I guess, is, you know, is what you're arguing here. And—and what we would say is that, number one, is it a legal requirement that under, like the Murphy case, you have to cite independent medical evidence when you evaluate whether or not—so is that a legal requirement, which, of course, this court can obviously decide that. And also, as we pointed out, the trauma, did they—did they impose an extra sort of you have to demonstrate a long-term trauma to demonstrate a requirement under—for principles of service connection under 3.303a, or principles of establishing whether or not there's an injury. But I—I guess I—I don't—where exactly do you think the Veterans Court or the board interpreted 3.303a to require trauma? Yeah, I think that—I don't know if necessarily— Because we can't review application of law to facts, right? We can only review interpretation of law. Right, right. I just—I didn't see, in their opinion, a place where I thought that they were interpreting 3.303a to require trauma. Yeah, I think that they—they may have talked about 3.303b. Let me see. Hold on just a minute. Do you have a page citation for us, counsel? I'm sorry? In response to Chief Judge Moore's question, can you point us to a page? Because you just said you thought they did talk about it and interpret it. Right, okay. I'd love to see a page. Yeah, that's what I was trying to—that's what I was trying to find. Okay. Let's see. Hold on. I'm trying to see if I can get that page over here. Okay. I said, yeah, it talks about 3.303—looks like around APPX57. That's where I see where it talks about APP, you know, 3.303, and it talks about having a chronic condition in service or during applicable and still has such condition. So, I think it would probably be more maybe kind of like inferred, you know, because basically what the board in 2002 had held was that the veteran did not suffer a long-term injury from his injury in 1971. And so, I think that that's kind of probably where we're, you know, it's kind of more of an inferred issue. You know, and it's kind of—it's probably kind of more of an inferred issue rather than an explicit issue. But I still do think that the question about whether or not Q can be established when the board fails to cite independent medical evidence, which can violate—which, in this case, they did not. And it is clear that under Murphy, they would have been required to do as such in order to reject the claim. And, you know, and there could be, like I said, a legal argument that USCAVC president, which existed at the time, would have been required to be applied. So. Anything further, counsel? Yes. I said yes. I said yes. Yes. I think that, you know, if you take a look at the facts of this case, you have, you know, as we pointed out, you have three— Counsel, we don't—we're not allowed to take a look at the facts of this case. Okay. Our jurisdiction is only Omaha. Okay. Okay. Okay. Okay. Then I guess, basically, then I basically have nothing further than to cite at this time. Okay? Okay. Mr. Tully?  Good morning. May it please the Court? In our view, the Court should dismiss this case for lack of jurisdiction. We do not believe that the Court has jurisdiction over either of the two arguments that Mr. Sylvain makes. First, I'll address the trauma argument. He claims that the not review the Board's 2002 decision, does not conduct a plenary review of that decision in the same way the Veterans Court does not. This Court reviews the Veterans Court decision below, and the Veterans Court decision does not even mention 38 CFR 3.303. It does not interpret it. The Veterans Court addressed Mr. Sylvain's argument as to the trauma requirement by saying the Board simply applied well-established law for determining service connection. Whether there's a causal connection between an in-service injury and a current condition, that's not imposing a trauma requirement. That's asking whether there's a factual connection between an in-service injury and the current condition. I mean, second, he claims that the Board was required to cite independent medical evidence before assigning the low probative value to doctor's letters. The Veterans Court rejected that argument because the Board did not make a medical decision. Instead, it looked at the facts and determined that the medical letters all relied on Mr. Sylvain's testimony about falling down a ladder in 1977, and the Board determined that that testimony was not credible. It was contradicted by the medical records at the time that showed no injury to his back around the time. You don't need to review anything. No, you don't. So that's why we believe that this argument, too, is outside of the Court's jurisdiction. It's a challenge to factual findings. And the law at the time was clear that the Board was permitted to assign a low probative value to medical letters that relied on non-credible reports by veterans about injuries. And the Veterans Court cited Reonell v. Brown and Swan v. Brown, and those cases were both cited by the Veterans Court. They're not addressed by Mr. Sylvain in his brief. But we think the law was very clear at the time that the Board was permitted to do exactly what it did, which was to assign a low probative value to those doctor's letters. And that just cannot be clear and unmistakable error. That's a factual determination assigning weight to evidence. So unless the Court has questions, which I'm happy to address, we respectfully ask that the Court dismiss or affirm. Thank you very much, Counsel. Mr. Jones, you have some rebuttals on? Yeah, I think that um, does the Court have any questions for me? No, okay. Yeah, um, you know, I don't really don't have anything more than I could add. We have your argument under advisement, Counsel. We thank both lawyers. This case is taken under submission. Thank you very much.